UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X

In re:                                          :
                                                :    Chapter 11

THE PARKWAY HOSPITAL, INC.,                      :
                                                :    Case No. 05-14876 (PCB)
                              Debtor.             :

-------------------------------------------------------------- X

### FINDINGS OF FACT, CONCLUSIONS OF LAW
### AND ORDER CONFIRMING THE FIRST AMENDED PLAN
### OF REORGANIZATION OF THE PARKWAY HOSPITAL INC.
### DATED APRIL 17, 2007 AND GRANTING RELATED RELIEF

The Parkway Hospital, Inc., the above-captioned debtor and debtor in possession (the

"Debtor"), having filed its First Amended Plan of Reorganization of The Parkway Hospital, Inc.,

dated April 17, 2007 (as amended, the "First Amended Plan", a copy of which is attached hereto

as Exhibit A),[1] and the Disclosure Statement With Respect to the First Amended Plan of

Reorganization of The Parkway Hospital, Inc. dated April 17, 2007 (the "Disclosure Statement"),

having been approved by the Court pursuant to the Order Approving Disclosure Statement,

Approving Voting and Solicitation Procedures, and Establishing Certain Dates and Procedures

for Confirmation Hearing on Plan of Reorganization, dated July 5, 2007 (the "Disclosure

Statement Order"); and copies of (a) the Notice of (i) the Court's approval of the Disclosure

Statement, (ii) the date of the Confirmation Hearing, (iii) the deadline and procedures for filing

objections to confirmation of the First Amended Plan, and (iv) the last date for receipt of Ballots

to accept or reject the First Amended Plan; (b) copies of the First Amended Plan, the Disclosure

Statement and this Order; (c) the Ballots for holders of Claims in Classes 3, 5 and 6 together with

the ballot envelopes; (d) the instructions for voting on the First Amended Plan, all of which have

been approved by the Court; and (e) letters in support from both the Debtor and Committee

(collectively the "Solicitation Package") having been transmitted to all creditors, equity security

holders and other parties in interest, all in accordance with the Disclosure Statement Order; and

upon the affidavits of service of the Solicitation Package and the Disclosure Statement Order

having fixed (a) July 20, 2007, at 5:00 p.m. as the last day for voting on the First Amended Plan

(the "Voting Deadline"), (b) July 19, 2007 as the last day for filing and serving written

objections to confirmation of the First Amended Plan (the "Objection Deadline"), and (c) July

26, 2007 at 11:00 a.m. (prevailing Eastern Time) as the date and time for the hearing on

confirmation of the First Amended Plan, which hearing was adjourned to July 31, 2007 at 2:30

p.m. (prevailing Eastern Time) (the "Confirmation Hearing"); and proper, timely and sufficient

notice of the Objection Deadline, Voting Deadline and the Confirmation Hearing having been

given in accordance with the terms of the Disclosure Statement Order; and no further notice

being required; and an affidavit in opposition to the First Amended Plan having been filed by the

New York State Department of Health Division of Health Facility Planning, on July 18, 2007, a

limited and amended limited objection having been filed by Forest Hills Hyperbaric, LLC on

July 19, 2007 and July 23, 2007, and an objection having been filed by Accumed, AccuLease,

John Mitchell and Choesen Holdings on July 23, 2007; and upon the Affidavit of Jeffrey Bayer

in Support of Confirmation of the Plan of Reorganization of The Parkway Hospital, Inc., dated

July 28, 2007 ("Bayer Affidavit"); and upon the Memorandum of Law in Support of

Confirmation of the Debtor's First Amended Plan of Reorganization Pursuant to Section 1129 of

the Bankruptcy Code and Reply to Objections, dated July 30, 2007 ("Memorandum"); and the

Confirmation Hearing having been held on July 31, 2007; and no other objections to

confirmation of the First Amended Plan having been made or filed and upon the entire record

---

[1]  Capitalized terms not defined herein shall have the meanings ascribed to them in the First Amended Plan.

and the evidence presented at the Confirmation Hearing, all pleadings of record, and the arguments and representations of counsel, the Court makes the following findings of fact and conclusions of law:

**THE COURT HEREBY FINDS THAT:**

1.      The Court has jurisdiction over this Chapter 11 Case pursuant to section 1334 of title 28 of the United States Code.

2.      Venue of this Chapter 11 Case is proper in this District pursuant to sections 1408 and 1409 of title 28 of the United States Code.

3.      Confirmation of the First Amended Plan constitutes a core proceeding pursuant to section 157 (b)(2)(L) of title 28 of the United States Code, over which this Court has jurisdiction to enter a final order.

4.      To the extent that any provision designated herein as a finding of fact is more properly characterized as a conclusion of law, it is adopted as such.  To the extent that any provision designated herein as a conclusion of law is more properly characterized as a finding of fact, it is adopted as such.

5.      The Court takes judicial notice of the docket of this Chapter 11 Case maintained by the clerk of the Court, including, but not limited to, all pleadings, affidavits and all evidence and arguments made, proffered or adduced at the hearings held before the Court.

6.      On July 5, 2007, the Court approved the Disclosure Statement.  Upon the entry of the Disclosure Statement Order, the Debtor or its designees timely and properly gave notice of the Confirmation Hearing, the Voting Deadline, the Objection Deadline, and other matters to be noticed pursuant to the Disclosure Statement Order.  In accordance therewith, the Debtor served copies of the Solicitation Package by mail to all creditors, equity security holders and other

parties in interest as provided by Rules 3017(c) and (d) of the Federal Bankruptcy Rules of Procedure (the "Bankruptcy Rules").  The Court finds that mailing of the Solicitation Packages, as evidenced by the affidavits of service filed by William Coleman and Trumbull Group, Inc. and their designees and the representations made by Debtor's counsel at the Confirmation Hearing, was proper, timely, and constituted sufficient notice of the Confirmation Hearing, voting on the First Amended Plan and all other matters to be noticed pursuant to the Disclosure Statement Order and no further notice is required.

7.    The Court finds that in accordance with Bankruptcy Code section 1125(e), the Debtor and its designees, agents, representatives, attorneys, accountants and advisors acted in good faith in soliciting acceptances or rejections of the First Amended Plan and in compliance with all applicable provisions of the Bankruptcy Code.

8.    The Court further finds that the solicitation of acceptances or rejections of the First Amended Plan and related documents by the Debtor was conducted in good faith and in compliance with the Bankruptcy Code, the Bankruptcy Rules, the Disclosure Statement Order and any other procedures established by the Court.  The process, procedures and mechanisms for creditors and equity security holders to make any permitted elections as provided under the First Amended Plan have been conducted in good faith and comply with any applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Disclosure Statement Order and any other procedures established by the Court.

9.    As set forth in the Certificate of Balloting regarding the results of voting on the First Amended Plan filed on July 26, 2007, all Classes entitled to vote on the First Amended Plan have accepted the First Amended Plan in terms of both number and amount, in accordance with Bankruptcy Code section 1126.

- 4 -

10.     The Debtor, as proponent of the First Amended Plan, is a proper proponent of the First Amended Plan pursuant to Bankruptcy Code section 1121(a).

11.     The First Amended Plan complies with the applicable provisions of the Bankruptcy Code as required by Bankruptcy Code section 1129(a)(1).

12.     The Debtor has complied with the applicable provisions of the Bankruptcy Code, as required by Bankruptcy Code section 1129(a)(2).

13.     The First Amended Plan has been proposed in good faith and not by any means forbidden by law and has been proposed for valid business proposes to satisfy substantial obligations of the Debtor, as required by Bankruptcy Code section 1129(a)(3).

14.     Any payment made or to be made by the Debtor or by a person acquiring property under the First Amended Plan, for services, costs or expenses in or in connection with this Chapter 11 Case, or in connection with the First Amended Plan and incident to this Chapter 11 Case, has been approved by or is subject to approval of the Court as reasonable, as required by Bankruptcy Code section 1129(a)(4).

15.     The identity and affiliations of the persons proposed to serve, after confirmation of the First Amended Plan, as a director, officer or voting trustee, if any, of the Reorganized Debtor, to the extent known, have been fully disclosed by the Debtor, are consistent with the interests of creditors and equity security holders and are in accord with public policy; the Debtor has also disclosed the identity of any insider that will be employed or retained by the Reorganized Debtor, and has otherwise complied with all of the requirements of Bankruptcy Code section 1129(a)(5) and all relevant subparagraphs.

NEWY1\8127349.5 7/31/07

16.    The First Amended Plan does not provide for any rate changes requiring the approval of a governmental regulatory commission.  Accordingly, compliance with Bankruptcy Code section 1129(a)(6) is unnecessary.

17.    Each Class of Claims or Interests has accepted the First Amended Plan or will receive or retain under the First Amended Plan on account of such Claim or Interest property of a value, as of the Effective Date of the First Amended Plan, that is not less than the amount that such holder would receive or retain if the Debtor was liquidated under Chapter 7 of the Bankruptcy Code on such date, as is required by Bankruptcy Code section 1129(a)(7)(A).  The Court further finds that, under the First Amended Plan, the holders of Claims and Interests will receive more than they would receive if the Debtor was liquidated under Chapter 7 of the Bankruptcy Code.  Accordingly, the First Amended Plan satisfies Bankruptcy Code section 1129(a)(7)(A).

18.    No election for application of Bankruptcy Code section 1111(b)(2) by any secured creditor has been made.  Accordingly, the requirements of Bankruptcy Code section 1129(a)(7)(B) do not apply to the First Amended Plan.

19.    All classes of claims and interests have either accepted the First Amended Plan or are not impaired by the First Amended Plan.  Accordingly, the requirements of Bankruptcy Code section 1129(a)(8) have been satisfied.

20.    Section 107 of the First Amended Plan provides for the payment of Allowed Claims under Bankruptcy Code sections 507(a)(2) and 507(a)(3), thus complying with Bankruptcy Code section 1129(a)(9)(A).  Class 4 of the First Amended Plan provides for payment of Allowed Claims under Bankruptcy Code sections 507(a)(1), 507(a)(4), 507(a)(5), 507(a)(6) and 507(a)(7), thus complying with Bankruptcy Code section 1129(a)(9)(B).  Section

- 6 -

108 of the First Amended Plan provides for treatment of Allowed Claims under Bankruptcy Code sections 507(a)(8), thus complying with Bankruptcy Code section 1129(a)(9)(C). Accordingly, the Plan satisfies Bankruptcy Code section 1129(a)(9).

21.     Classes 5 and 6 are impaired classes under the First Amended Plan that have voted to accept the First Amended Plan.  Accordingly, the Plan satisfies Bankruptcy Code section 1129(a)(10).

22.     The Court finds that the First Amended Plan is feasible and that confirmation and consummation of the First Amended Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Reorganized Debtor as required by Bankruptcy Code section 1129(a)(11).  The Court also finds that the Reorganized Debtor will have adequate capital to meet its ongoing obligations.

23.     The principal purpose of the First Amended Plan is not the avoidance of taxes and no party in interest or governmental unit has requested that this Court deny confirmation of the First Amended Plan on the ground that the principal purpose of the First Amended Plan is the avoidance of taxes.

24.     All outstanding fees payable to the Office of the United States Trustee under 28 U.S.C. § 1930 have been paid, or the First Amended Plan provides for the payment of all such fees on or before the Effective Date of the First Amended Plan, as required by Bankruptcy Code section 1129(a)(12), and the Creditor Trustee shall pay fees that accrue under 28 U.S.C. § 1930 until a Final Decree is entered in this Chapter 11 Case, or this Court orders otherwise.

25.     The classification of all Claims and Interests as provided under the First Amended Plan is hereby authorized and approved, and is reasonable, proper, complies with applicable law,

and satisfies the requirements of the Bankruptcy Code, including, but not limited to, sections 1122(a) and 1123(a)(1), (2), (3) and (4).

26.    The First Amended Plan provides adequate means for the execution and implementation of the First Amended Plan.    The provisions governing the making of distributions and payments, as provided for in the First Amended Plan, are necessary, fair, reasonable and appropriate.    The distribution procedures, mechanisms and proposed allocations provided in the First Amended Plan are necessary, fair, reasonable and appropriate.

27.    The Debtor has proposed the assumption or rejection of either assumed or rejected its executory contracts and unexpired leases as of the Effective Date pursuant to the First Amended Plan and Plan Supplement, as amended.    In accordance with terms of the First Amended Plan and Bankruptcy Code sections 365 and 1123(b)(2), any remaining executory contract or unexpired lease entered into by the Debtor prior to the Petition Date, that has not been assumed or rejected by the Debtor prior to the Effective Date, or has not previously expired or terminated pursuant to its own terms, will be deemed rejected as of the Effective Date in accordance with the sound exercise of the Debtor's business judgment.

28.    The Debtor reserves the right to decide to reject certain executory contracts or unexpired leases it had previously determined to assume if circumstances warrant, as allowed by the First Amended Plan.    The counterparties have thirty (30) days from the date of entry of this Order to object to the nature of the assumption or cure related to the executory contracts and unexpired leases.

29.    All settlements and compromises of claims and causes of action against non-Debtor entities that are embodied in the First Amended Plan, including, without limitation, the releases and injunctions provided in Article VII of the First Amended Plan, which are approved

- 8 -

herein as proper, fair, reasonable and in the best interests of the Debtor, its Estate and any holders of Claims against or Interests in the Debtor, are effective and binding on all persons and entities who may have standing to assert such claims or causes of action, and no person or entity shall possess such standing to assert such claims or causes of action after the Effective Date.

30.    Any equity securities to be issued will be issued pursuant to the exemption from registration under the Securities Act of 1933 (the "Securities Act") as allowed by Bankruptcy Code section 1145(a).

31.    The transactions under the First Amended Plan do not require the Reorganized Debtor to become subject to registration under the Securities Exchange Act of 1934 (the "Exchange Act") because:  (a) Sections 12(b) and 15(d) are inapplicable; and (b) the Debtor is exempt from Section 12(g) because the Reorganized Debtor Common Stock and the Reorganized Debtor Preferred Stock are not held by five-hundred (500) or more holders.

32.    The Court finds that the Debtor has adequately disclosed the identity of the Reorganized Debtor's shareholders.

33.    The terms and conditions of the Exit Financing Transactions, including draft loan documents and ancillary documents were negotiated and entered into in good faith, are in the best interests of the Debtor, provide fair and reasonable financing terms and are hereby ratified and approved.

34.    All conditions precedent to the entry of this Confirmation Order as set forth in Article VI of the First Amended Plan have been satisfied or waived in accordance with the provisions of the First Amended Plan.

35.    The Debtor further represents the following: (a) the Second Amended Plan only provides for common stock as the Reorganized Debtor Equity, there are no other classes of

common or preferred stock; (b) notwithstanding any of the Debtor's prior bylaws, all decisions by the Reorganized Debtor's Board of Directors ("BOD") will be made by a two-thirds (2/3) majority vote of the Board; (c) the Reorganized Debtor will seek all necessary approvals from the New York State Department of Health (the "DOH") related to any provision of the First Amended Plan or future operations; and (d) in the event the Debtor is unsuccessful in the litigation captioned The Parkway Hospital, Inc. v. The New York State Commission on Healthcare Facilities in the 21st Century, et al., Adv. Pro. No. 06-01966 (PCB) (the "Berger Litigation"), the Reorganized Debtor agrees to comply with the deadlines issued by the DOH with respect to implementation of the Berger Commission Recommendations including, but not limited to, surrendering the Reorganized Debtor's operating certificate and seeking required DOH approvals of post-confirmation restructuring.

**NOW, AFTER DUE DELIBERATION, THE COURT HEREBY ORDERS, ADJUDGES AND DECREES THAT:**

36.    The First Amended Plan, as amended by this Order and each of its provisions, be, and hereby are, confirmed in each and every respect pursuant to Bankruptcy Code section 1129.

37.    The Plan Supplement, which is currently filed in draft form, will be deemed approved and the Debtor or Reorganized Debtor, as appropriate, is authorized to execute such documents, subject to requisite approvals from the Committee as provided in the First Amended Plan and such documents are deemed approved upon execution.

38.    All objections, limited objections and responses to confirmation of the First Amended Plan, other than those withdrawn with prejudice in their entirety prior to or on the record at the Confirmation Hearing shall be, and hereby are, overruled.

NEWY1\8127349.5 7/31/07

39.    The Debtor is authorized to enter into any and all documentation necessary to effectuate the terms of the First Amended Plan and the Plan Supplement, as amended.

40.    The seventh sentence of Section 126 of the First Amended Plan is hereby amended and replaced with the following:  "Three (3) days prior to the Effective Date, the Debtor shall select Persons, after consultation with the Office of the United States Trustee and the Committee, to serve as Creditor Trustees and file a notice of such selection with the Court." The remainder of Section 126 of the First Amended Plan shall remain unchanged.

41.    The Reorganized Debtor Equity are not securities giving rise to any reporting or disclosure obligations on the part of the Reorganized Debtor.

42.    The Record Date for distribution to creditors and equity security holders is June 19, 2007, pursuant to Bankruptcy Rule 3021.  The Debtor is hereby authorized to give notice to all banks, brokers, depositories and other similar financial intermediaries and "street name" holders of said Record Date.  The record of the Confirmation Hearing be, and it hereby is, closed.

43.    In accordance with Bankruptcy Code section 1141, the First Amended Plan and its provisions hereby are binding upon and inure to the benefit of the Debtor and its successors, including the Reorganized Debtor, any Person or entity acquiring or receiving property under the First Amended Plan, and any holder of a Claim against or Interest in the Debtor, whether the Claim or Interest of such holder is impaired under the First Amended Plan and whether or not such holder has filed, or is deemed to have filed, a proof of Claim or Interest, or has accepted or rejected the First Amended Plan.

NEWY1\8127349.5 7/31/07

44.    Except as otherwise specifically provided under the First Amended Plan, in accordance with Bankruptcy Code section 1141, any property transferred or otherwise dealt with by the First Amended Plan hereby is free and clear of all Claims and Interests.

45.    Pursuant to this Order, on the Effective Date, the transfers of assets by the Debtor contemplated under the First Amended Plan will be deemed legal, valid, binding and effective transfers of property and will, to the fullest extent permitted by the Bankruptcy Code, vest in the respective transferee good title to such property, free and clear of all liens, claims and encumbrances, except as otherwise provided for by the First Amended Plan or as required in order to implement the First Amended Plan, Plan Supplement and related agreements provided thereunder.

46.    In accordance with Bankruptcy Code section 1141, except as otherwise specifically provided in the First Amended Plan, upon the occurrence of the Effective Date, the consideration, distributions, and rights afforded under the First Amended Plan shall be in exchange for and in complete and full satisfaction, release, and termination of all Claims or Interests of any nature whatsoever against the Debtor or any of its assets or properties of any nature whatsoever, and except as otherwise provided herein or in the First Amended Plan, effective as of the Effective Date, and the Debtor, shall be discharged and released pursuant to Bankruptcy Code section 1141(d)(1)(A), from any and all debts and Claims which arose prior to the date of confirmation of the First Amended Plan, including, but not limited to, demands and liabilities that arose before the Effective Date, all debts of the kind specified in Bankruptcy Code section 502(g), 502(h) or 502(i), whether or not (a) a proof of Claim based upon such debt has been filed or deemed filed under Bankruptcy Code section 501; (b) a Claim based upon such debt has been allowed under Bankruptcy Code section 502; (c) such Claim is listed on the

Debtor's Schedules; or (d) the holder of a Claim based upon such debt has, or has deemed to have, accepted the First Amended Plan.  This Order is a judicial determination, effective on the occurrence of the Effective Date, of termination of all liabilities of and all Claims against, and all Interests in, the Debtor, including a discharge of all debts and Claims against and all Interests in the Debtor, except as otherwise specifically provided in the First Amended Plan.  Commencing on the Effective Date, as to every discharged or released debt, Claim or Interest, the holder of such debt, Claim or Interest is permanently enjoined and shall be precluded forever from asserting against the Debtor, the Reorganized Debtor, Medical Capital LLC, the Committee, the Creditor Trustees and their respective officers, members, directors, employees, financial advisors, accountants or attorneys, and their respective assets and properties or any transferee thereof, any other or further liabilities, liens, Claims, Interests, encumbrances or obligations, including, but not limited to, all principal and accrued and unpaid interest on the debts of the Debtor, based upon any agreement of any kind or nature, document, instrument or act, omission, transaction or other activity or security agreement of any kind or nature that occurred prior to the Effective Date, except as expressly set forth in the First Amended Plan or this Order, that was or could have been the subject of any Claim or Interest, whether or not Allowed.

47.    In accordance with Bankruptcy Code section 524, effective on the occurrence of the Effective Date, this Order: (a) voids any judgment at any time obtained, to the extent that such judgment is a determination of the liability of the Debtor with respect to any debt or Claim discharged hereby; and (b) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt or Claim as a liability of the Debtor.  See 11 U.S.C. § 524.

NEWY1\8127349.5 7/31/07

48.     The releases and injunctions set forth in Article VII of the First Amended Plan are hereby approved as proper and valid and as effecting a fair, equitable, reasonable and non-discriminatory compromise of the controversies and claims released and enjoined thereby and are in the best interests of the Debtor's Estate.  The consideration given under the First Amended Plan in exchange for the releases and injunctions is hereby deemed adequate and fair.

49.     Nothing in the Plan or this Order, including without limitation the release and exculpation provisions in Article VII of the Plan and the limitation of liability provisions in Article VIII of the Plan, shall constitute a release of, or affect the liability for, any Claims, obligations, rights, suits and causes of action of any kind whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereafter arising in law, equity or otherwise, that Arent Fox LLP may assert against Robert J. Aquino, M.D. or any entity owned or controlled by Robert J. Aquino or a member of his immediate family, including, but not limited to the New Owner, LifeCo Medical, P.C., Capitol Health Management, Inc., Boulevard Surgical Center, Inc., Boro Medical, P.C., Boro Health Care of Union, P.C., Boro Medical of New York, Inc., Boro Medical of Westchester, Inc., Aquino Holdings, LLC, Boulevard Surgical Center, Inc., but excluding the Debtor, (collectively, the "Aquino Entities"), or that the Aquino Entities may assert against Arent Fox LLP.

50.     All injunctions or stays provided for in the Chapter 11 Case under Bankruptcy Code sections 105 or 362 or otherwise in effect on the Confirmation Date shall remain in full force and effect until the Effective Date; provided, however that notwithstanding anything in the Plan to the contrary, such injunctions or stays shall not apply to the setoff or recoupments rights held by the Department of Health and Human Services under applicable law.  This Court shall

have the sole and exclusive authority to hear, determine and adjudicate any disputes or disagreements regarding such stays or injunctions.

51.      In accordance with Bankruptcy Code section 1142, the Debtor, the Reorganized Debtor and any other entity or person designated pursuant to the Plan be, and they hereby are, authorized, empowered and directed to issue, execute, deliver, file and record any document, and to take any action necessary or appropriate to implement, effectuate and consummate the First Amended Plan and Plan Supplement and the transactions contemplated thereunder, and any transactions contemplated thereby in accordance with their respective terms, whether or not any such document is specifically referred to in the First Amended Plan and Plan Supplement or exhibits thereto, and without further application to or order of this Court.

52.      Pursuant to Bankruptcy Code section 1142(b), but subject to the retained jurisdiction of the Court to resolve disputes as provided in the next sentence, all Persons holding Claims or Interests which are dealt with under the First Amended Plan be, and they hereby are, directed to execute, deliver, file or record any document, and to take any action necessary to implement, effectuate and consummate the First Amended Plan in accordance with its terms and all such persons shall be bound by the terms and provisions of all documents to be executed by them in connection with the First Amended Plan, whether or not such documents actually have been executed by such Persons.  The Court shall retain jurisdiction to hear and determine any dispute concerning the proposed application of Bankruptcy Code section 1142 and of the preceding sentence.  The foregoing shall not, however, in any manner adversely affect or impair any of the rights of the parties to the agreements under the First Amended Plan or release any such party from any condition under the agreements and instruments relating thereto.

NEWY1\8127349.5 7/31/07

53.     After the Effective Date, objections to Claims shall be made, and objections to Claims or Interests made previous thereto shall be pursued.  Any objections made by the Debtor after the Effective Date shall be served and filed not later than one hundred and twenty (120) days after the Effective Date; provided, however, that such period may be extended with the consent of the Committee, by Order of this Court for good cause shown.

54.     From and after the Effective Date, the Reorganized Debtor may litigate to judgment, propose settlements of, or withdraw objections to, all pending or filed Disputed Claims and Interests and may settle or compromise any Disputed Claim or Interest.

55.     From and after the Effective Date, any notice to be provided shall be sufficient if provided to (a) the list of creditors as required under Bankruptcy Rule 2002; or (b) all parties whose rights may be affected by the action which is the subject of the notice, and such notice as is approved as sufficient by Order of this Court.

56.     In accordance with Section 147 of the First Amended Plan, the appointment and duties of the Committee shall terminate as of the Effective Date, subject to the exceptions set forth in section 147 of the First Amended Plan.

57.     Pursuant to the Plan, and in accordance with Bankruptcy Code section 1142 or other similar provisions in the corporate or comparable laws of the Debtor's jurisdiction of incorporation, the Debtor is hereby authorized to take such corporate action as may be necessary and appropriate to implement and effectuate consummation of the First Amended Plan and each of the agreements and instruments referred to therein or contemplated thereby, in this Order, or under the First Amended Plan and all such actions are approved.

58.     The Debtor is authorized and directed to do and perform all acts and to make, execute and deliver all instruments, agreements and documents, in each case, necessary or

NEWY1\8127349.5 7/31/07

appropriate to consummate the transactions in substantially the form in the Plan Supplement, and identified and made a part of the evidence presented at the Confirmation Hearing, the form of each of which is hereby approved by the Court.

59.     If the Effective Date does not occur, then the First Amended Plan, any settlement or compromise embodied in the First Amended Plan (including, the fixing or limiting to an amount certain any Claim or Class of Claims), and any document or agreement executed pursuant to the First Amended Plan shall be null and void in all respects. In the event the Effective Date does not occur, nothing contained in the First Amended Plan or this Order, and no acts taken in preparation for consummation of the First Amended Plan shall (a) constitute a waiver or release of any Claims by or against the Debtor or any Person; (b) prejudice in any manner the rights of the Debtor or any Person; (c) constitute an admission of any sort of the Debtor or any Person; or (d) be construed as a finding of fact or conclusion of law with respect thereto.  Upon the occurrence of the Effective Date, the First Amended Plan shall be deemed substantially consummated.

60.     From and after the Effective Date, the Reorganized Debtor may use, operate and deal with its respective assets, and may conduct and change its business, without any supervision by the Court or the Office of the United States Trustee, and free from any restrictions imposed on the Debtor by the Bankruptcy Code or by the Court during this Chapter 11 Case, subject to the terms of First Amended Plan.

61.     All Interests in the Debtor be, and they hereby are, cancelled, modified, annulled and extinguished effective as of the Effective Date.

62.     The First Amended Plan and its provisions shall be binding upon the Debtor and the Committee and any entity acquiring property under the First Amended Plan or any entity to

- 17 -

which property is tendered under the First Amended Plan or any holder of an Interest whose interest is extinguished and cancelled by the First Amended Plan, whether or not the holder of the Claim or Interest or creditor is impaired under the First Amended Plan and whether or not such holder of the Claim or Interest or creditor accepted the First Amended Plan.

63.     All Allowed Administrative Claims shall be paid on (a) the third Business Day after the Effective Date; (b) the date on which such Person becomes the holder of such an Allowed Administrative Claim; or (c) the date or dates when that Claim is payable by its terms, consistent with past practice and in accordance with past terms.  All applications of Professionals under Bankruptcy Code sections 330 or 503(b) for allowance of compensation and reimbursement of expenses accrued through the Effective Date, must be filed not later than sixty (60) days after the Effective Date, and shall only be paid pursuant to applicable orders of this Court governing payment of professional fees and the applicable provisions of the Plan.  Fee Claims filed after such date shall automatically be deemed disallowed for all purposes under the Plan unless and until the Claimant obtains an order of the Court allowing such Fee Claims. Payment of any Administrative Claim shall be subject to approval by the Court following a hearing.  Objections to requests for payment of Administrative Claims must be filed with the Court, and served on counsel for the Debtor, the U.S. Trustee and counsel for the Committee, within twenty (20) days of the service of an application requesting such payment.

64.     Allowed Priority Tax Claims shall be paid by the Reorganized Debtor.  Unless otherwise agreed by the holders of the Allowed Priority Tax Claims to different treatment, any Person holding an Allowed Priority Tax Claim will receive, in full satisfaction of such Claim, payment in Cash in full on the later of the Effective Date or the date such Claim is Allowed or Cash over a period not exceeding six (6) years after date of assessment of such Claim, with

interest at a rate equal to four percent (4%) per year, payable monthly, in periodic payments, having the value of such Claim as of the Effective Date.

65.     The Debtor shall establish a Professional Fee Reserve as contemplated by the Plan.

66.     The Debtor is authorized to enter into the documentation evidencing the Exit Financing Transactions and to grant liens and security interests contemplated by such transactions (and such documents, liens and security interests are hereby proved).

67.     The protection afforded by Bankruptcy Code section 1125(e) with regard to the solicitation of acceptances or rejections of the First Amended Plan and with regard to the offer, issuance, sale or purchase of the Reorganized Debtor Equity shall apply to the full extent provided by law, and the entry of the Confirmation Order shall constitute the determination by this Court that the Debtor, Reorganized Debtor and the Committee and each of their respective officers, directors, partners, employees, members, agents, attorneys, accountants, or other professionals, shall have acted in good faith and in compliance with the applicable provisions of the Bankruptcy Code pursuant to Bankruptcy Code section 1125(e).  In addition, the exemption from the requirements of Section 5 of the Securities Act of 1933, 15 U.S.C. § 77e, as amended (the "Securities Act"), and any state or local law requiring registration for the offer or sale of a security provided for in Bankruptcy Code section 1145 shall apply to the Reorganized Debtor Equity.  More specifically, the offer and sale of the Reorganized Debtor Equity, shall be exempt from the registration requirements of the Securities Act, pursuant to Bankruptcy Code section 1145(a), and such securities may be resold by the holders thereof without restriction, except (i) as set forth in and pursuant to the First Amended Plan, and (ii) to the extent that any such holder is deemed to be an "underwriter" as defined in Bankruptcy Code section 1145(b)(1) with respect

to such securities. The Reorganized Debtor Equity will be exempt from registration pursuant to Bankruptcy Code section 1145 and Section 4(2) of the Securities Act and equivalent state securities or "blue sky" laws.

68.    Notwithstanding confirmation of the First Amended Plan or the occurrence of the Effective Date and in addition to the provisions in Section 146 of the First Amended Plan for retention of jurisdiction thereunder, which provisions are incorporated herein by reference, this Court hereby retains exclusive jurisdiction over all matters arising out of, and related to, this Chapter 11 Case and the First Amended Plan to the fullest extent permitted by law, including, among other things, (a) Bankruptcy Code sections 105(a), 1127(b) and 1142; (b) Section 167 of the First Amended Plan; and (c) for such other purposes as may be necessary or useful to aid in the confirmation and consummation of the First Amended Plan and its implementation, including, but not limited to:

(a)    To hear and determine all objections or controversies concerning allowance or disallowance of Claims or Interests;

(b)    To determine any and all applications for allowance of pre- and post-Petition Date compensation for Professionals and similar fees;

(c)    To hear and determine any and all pending applications for the rejection or assumption or for the assumption and assignment, as the case may be, of executory contracts and expired leases to which the Debtor is a party or with respect to which it may be liable, and to hear and determine, and if need be to liquidate, any and all Claims arising therefrom;

(d)    To determine any and all applications, adversary proceedings, and contested or litigated matters properly before this Court and pending on the Confirmation Date;

(e)    To modify the First Amended Plan or to remedy any defect or omission or reconcile any inconsistency in this Order to the extent authorized by the Bankruptcy Code;

- 20 -

(f)  To hear and determine all controversies, suits and disputes, if any, that may arise in connection with the interpretation or enforcement of the First Amended Plan;

(g)  To hear and determine all controversies, suits and disputes, if any, that may arise with regard to orders of this Court in this Chapter 11 Case entered on or before the Confirmation Date;

(h)  To hear and determine any and all controversies and disputes arising under, or in connection with, the First Amended Plan;

(i)  To hear and determine any and all objections to payments under the First Amended Plan;

(j)  To adjudicate all controversies concerning the classification of any Claim or Interest;

(k)  To liquidate damages in connection with any disputed, contingent or unliquidated Claims;

(l)  To adjudicate all Claims to a security or ownership interest in any property of the Debtor or its Estate or in any proceeds thereof;

(m)  To adjudicate all Claims or controversies arising out of any purchases, sales or contracts made or undertaken by the Debtor during the pendency of this Chapter 11 Case;

(n)  To adjudicate all causes of action to recover all assets and properties of the Debtor and the Estate wherever located;

(o)  To adjudicate all causes of action available to the Estate as of the Confirmation of the First Amended Plan, including, but not limited to, any claims or causes of action arising under Bankruptcy Code sections 542, 543, 544, 545, 547, 548, 549 or 553(b);

(p)  To enter any order, including injunctions necessary to enforce the title, rights and powers of the Debtor, the Creditor Trustee or the Committee, and to impose such limitations, restrictions, terms and conditions on such title, rights and powers as this Court may deem necessary or appropriate;

(q)  To enforce the permanent injunction created by this Order and Article VII of the First Amended Plan;

- 21 -

    (r)   To enter a final decree concluding and terminating this Chapter 11 Case; and

    (s)   To make such orders as are necessary or appropriate to carry out the provisions of the First Amended Plan, including, but not limited to, orders interpreting, clarifying or enforcing the provisions thereof.

69.    Pursuant to Bankruptcy Rule 3020(c), the Debtor shall promptly serve notice of entry of this Order as provided in Bankruptcy Rule 2002(f) to all creditors, equity security holders and other parties in interest, to be sent by first class mail, postage pre-paid, except to such parties who may be served by hand or facsimile or overnight courier, which service is hereby authorized.

70.    The provisions of this Order are integrated with each other and are non-severable and mutually dependent.

71.    To the extent that the terms of this Order are inconsistent with the terms of the First Amended Plan, the terms of this Order shall control; in all other respects, the terms of the First Amended Plan shall remain in full force and effect.

72.    The failure to specifically include any particular provisions of the First Amended Plan in this Order will not diminish the effectiveness of such provisions, it being the intent of the Court that the First Amended Plan is confirmed in its entirety and incorporated herein by reference.

73.    The form of documents contained in the Plan Supplement and any amendments, modifications and supplements thereto is hereby approved, subject to approval by the Committee as provided in the First Amended Plan.  The execution, delivery and performance of the Plan Supplement documents, as modified, thereof by the Reorganized Debtor, is authorized and approved without need for further Order or authorization of the Court, the Debtor and the

Reorganized Debtor are authorized and empowered to make any and all modifications to any and all documents included as part of the Plan Supplement that are consistent with the First Amended Plan or do not materially adversely affect the Debtor or the Reorganized Debtor, subject to the Committee's consent where provided in the First Amended Plan.

74.     Forest Hills Hyperbaric, LLC ("FHH") asserts, inter alia, that it has an administrative claim in the approximate amount of approximately $1.3 million (the "Asserted FHH Claim"), and the Debtor disputes the Asserted FHH Claim.  The Debtor represents that it has collected approximately $720,000 as of July 31, 2007, which represents amounts allegedly owed to FHH but disputed by Debtor.  In resolution of FHH's objection to confirmation of the First Amended Plan, which is hereby withdrawn, the Debtor agrees to pay FHH as follows:  (a) $350,000 on the Effective Date in partial payment of the Asserted FHH Claim; (b) the balance of the Asserted FHH Claim that the Bankruptcy Court determines is due and owing, if any, or as otherwise agreed in writing by the Debtor and FHH, from operations of the Reorganized Debtor or from the DIP or Exit Financing, which shall be sufficient to cover payment of any such Allowed Claim; and (c) any undisputed amounts owed to FHH pursuant to the service agreement between the parties and collected on and after July 31, 2007, which amounts shall be turned over to FHH within ten (10) days of receipt.  Any disputed amounts related to (c) in the preceding sentence shall be escrowed by the Debtor and held subject to further order of the Court.  The Debtor further agrees to provide FHH with all reporting from January 1, 2007 through the Confirmation Date on or before August 31, 2007 and thereafter as provided under the service agreement between the parties.  The Debtor shall provide FHH with a report, if any, regarding its review of the Alleged FHH Claim not later than September 30, 2007.  All discovery shall be

completed not later than October 31, 2007.  FHH and the Debtor each agree and all rights shall

be expressly reserved with respect to any rights and claim(s) by FHH or the Debtor.

Dated: July 31, 2007
       New York, New York

                                    /s/Prudence Carter Beatty
                                    HONORABLE PRUDENCE CARTER BEATTY
                                    UNITED STATES BANKRUPTCY JUDGE

- 24 -