UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
                                                           :   Case No. 05-14876 (SCC)
In re                                                      :
                                                           :
THE PARKWAY HOSPITAL, INC.,                                :   (Chapter 11)
                                                           :
                                          Debtor.          :
                                                           :
-----------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF
THE UNITED STATES TRUSTEE TO CONVERT THIS
CONFIRMED CHAPTER 11 CASE TO A CHAPTER 7 CASE, OR IN THE
ALTERNATIVE, TO DISMISS THIS CASE**

TO THE HONORABLE SHELLEY C. CHAPMAN, BANKRUPTCY JUDGE:

The Acting United States Trustee for Region 2 (the "United States Trustee") does hereby file this memorandum in support of her motion (the "Motion") pursuant to 11 U.S.C. § 1112(b) for an order converting this Confirmed Chapter 11 case to a Chapter 7, or in the Alternative, Dismissing this Confirmed Case. In support thereof, the United States Trustee represents and alleges as follows:

**Introduction**

The Debtor no longer operates, cannot pay its administrative and priority claims due under its plan of reorganization, and has no prospect for the repayment of its exit financing. These deficiencies are material defaults under the Debtor's confirmed plan and constitute cause for the conversion of this case to a case under Chapter 7, or the dismissal of this case. In addition, the Debtor has failed to pay over $80,000 in United States Trustee Quarterly Fees, which failure also constitutes cause for the conversion or dismissal of this case.

Because the reorganized Debtor may have assets available for the distribution to creditors, the United States Trustee submits that conversion to Chapter 7 would be in the best interest of creditors.

**Background**

General Background

1. On July 1, 2005, the Debtor commenced this case by filing a voluntary Chapter 11 petition. See Voluntary Petition, Docket No. 1.

2. The Debtor was a community hospital located in Forest Hills, New York. Affidavit of Jeff Bayer Pursuant to Rule 1007-2 of the Local Bankruptcy at ¶ 7, Docket No. 2.

3. On July 19, 2005, the United States Trustee appointed a committee of unsecured creditors (the "Committee"). Docket No. 43. The Committee initially retained Thelan Reid & Priest, LLP as counsel. Docket No. 86. Alston & Bird, LLP was subsequently retained as substitute counsel for the Committee. Docket No. 241.

The Plan

4. On April 17, 2007, the Debtor filed its First Amended Plan of Reorganization (the "Plan") and accompanying Disclosure Statement (the "Disclosure Statement"). Docket Nos. 415 & 416.

5. Pursuant to the Plan, a creditor trust ("Creditor Trust 1") was created and funded in order to provide a 30% distribution to unsecured trade creditors. Disclosure Statement at 10. Additionally, another creditor trust ("Creditor Trust 2") was similarly created and funded to provide a 30% distribution to litigation claimants. Id.

6. The Plan further provided that administrative claims would be paid after the latter of (a) the third business day after the effective date of the Plan, (b) the date a person becomes the holder of an allowed administrative claim, or (c) the date that the claim is payable by its terns. Plan at ¶ 109.

7. Priority tax claims were to be paid in full under the Plan on the effective date of the Plan, or over a period not exceeding six years after the date of the assessment of the claim. Id. at ¶ 110. All other priority claims would be paid on the third business day after the effective date of the Plan, or on the date in which such claim was allowed by the Court. Id. at 19.

8. Finally, the Plan provided that all United States Trustee quarterly fee due pursuant to 28 U.S.C. 1930(a)(6) would be paid in full by the Reorganized Debtors as such fees become due. Plan at ¶ 111.

9. On July 31, 2007, the Court entered an order approving the Debtor's First Amended Plan of Reorganization. Docket No. 546.

10. On February 29, 2008, the Debtor filed a Notice of Effective Date of the Plan. Docket No. 640.

The Debtor's Material Defaults Under The Plan

11. On December 1, 2009, the Debtor moved to modify the Plan and stay all post-confirmation litigation (the "Modification Motion"). Docket No. 866. Specifically, in November, 2009, the Debtor's operating license was revoked and the Debtor was forced to close its operations. Modification Motion at ¶¶ 1 & 2. The Debtor, therefore, brought an action against the New York State Department of Health seeking $100 million in compensation for the revocation of the Debtor's operating license (the "Heal Lawsuit"). Id. at ¶¶ 5 & 6.

3

12. Because of its closure, the Debtor possesses limited resources to face the various pending litigations against it. Id. at ¶ 1. Consequentially, the Debtor sought a stay of all pending litigation until the resolution of the Heal Lawsuit. Id. at 7.

13. The Court granted the Modification Motion and entered an interim order staying litigation pending further disposition of the matter. Docket No. 873.

14. More telling, however, in the Modification Motion the Debtor admitted that although payments under the two Creditor Trusts had been made, there are "scores" of unpaid administrative expenses and no prospect for the repayment of the exit financing the Debtor had entered into in order to confirm the Plan. Modification Motion at ¶ 15.

15. On April 28, 2010, the Debtor filed a status report (the "Status Report") with the Court. Docket No. 880. In the Status Report, the Debtor states that "there are no funds to pay administrative or pre-petition priority claims." Status Report at 2.

16. On May 28, 2010, the Debtor filed a Post Confirmation Report (the "Post Confirmation Report"). Docket No. 884. According to the Post Confirmation Report, there are $3,115,728.45 of unpaid administrative claims held against the Debtor. Id. There is also $4,075,881.81 of unpaid post-confirmation debt as well as $84.8 million of various unpaid "Other Debts" held against the Debtor, including over $73 million in loans and notes payable. Id.

<u>Post-Confirmation United States Trustee Quarterly Fees</u>

17. The Debtor has provided disbursement information to the United States Trustee through the first quarter of 2010. See Declaration (the "Declaration") of Paul K. Schwartzberg at ¶ 2 attached hereto as Exhibit 1. Based upon the disbursement information provided by the

Debtor, as of June 30, 2010, the Debtor owes, but has not paid, $80,736.06 in United States Trustee Quarterly Fees due pursuant to 28 U.S.C. § 1930(a)(6) and 31 U.S.C. § 3717. Id. at ¶ 3.

## Argument

The Statute

According to § 1112(b) of the Bankruptcy Code, a court may convert a case to Chapter 7, or dismiss a case, for "cause." See 11 U.S.C. § 1112(b). Under this provision, the court may find cause where it finds (i) material default by the debtor with respect to a confirmed plan, or (ii) nonpayment of any fees or charges required under chapter 123 of title 28. See 11 U.S.C. § 1112(b)(8 & 10). [1]

Material Default Under a Plan Constitutes Cause for Conversion or Dismissal

A material default under a plan of reorganization constitutes cause for conversion or dismissal. See 11 U.S.C. §§ 1112(b)(8); In re Smith, 201 B.R. 267, 271 (D. Nev. 1996); (material default under plan may constitute cause for conversion so that property revested in debtor upon confirmation becomes property of Chapter 7 estate); In re Greenfield Drive Storage Park, 207 B.R. 913, 917 (9th Cir. BAP 1997)(where debtor's business was foreclosed upon and debtor could no longer fund plan, material default existed constituting grounds for conversion); In re Calania Corp., 188 B.R. 41, 42-43 (Bankr. M.D. Fla. 1995)(where debtor ceased operating after confirmation and defaulted under plan, case converted to Chapter 7 and reorganized debtor's property as of confirmation date become property of the Chapter 7 estate); In re Robbins, 167 B.R. 724, 727 (Bankr. Mass. 1994) (claimant may request conversion under

---

[1] This case commenced prior to the enactment of The Bankruptcy Abuse Prevention Consumer Protection Act of 2005.

5

section 1112(b)(8) where debtor fails to pay its administrative claim); In re Micro-Acoustics Corp., 49 B.R. 630, 631-32 (Bankr. S.D.N.Y. 1985)(where debtor ceased operating and defaulted in plan payments, court converted case to Chapter 7 under section 1112(b)(8)), see also 7 Collier On Bankruptcy ¶ 1112.04[6][n] at 1112-38 (16th Ed. Dec. 2009)(if a default under a plan is material, the court may convert or dismiss the case). A material default under a plan constituting cause for conversion or dismissal may occur long after substantial consummation. See Greenfield Drive Storage Park, 207 B.R. at 916-917, see also 7 Collier on Bankruptcy at 1112-38.

### Failure to Pay Quarterly Fees Constitutes Cause to Convert or Dismiss

In addition, § 1112(b)(10) of the Code provides that nonpayment of any fees charged under chapter 123 of title 28 is cause to convert or dismiss a Chapter 11 case. See 11 U.S.C. § 1112(b)(10); see also In re Lenz, 2005 WL 2850399, *1 (Bankr. N.D. Iowa 2005)(debtor's failure to, among other things, pay quarterly fees constitutes cause for dismissal); In re Tornheim, 181 B.R. 161, 164 (Bankr. S.D.N.Y. 1995) (same). The fees assessed pursuant to 28 U.S.C. § 1930(a)(6) fall within the category of fees levied under chapter 123 of title 28. In the present case, the Debtor has been billed quarterly for its United States Trustee fees and has not paid them to date. See Declaration at ¶ 3.

### The Debtor's Material Default Under the Plan and Failure to Pay Quarterly Fees Constitute Cause for Conversion or Dismissal

The Debtor admits that it no longer operates, it cannot pay its administrative and priority claims due under the Plan, and it has no prospect for the repayment of its exit financing. See Modification Motion at ¶¶ 1 & 2; Status Report at 2; Post Confirmation Report. These are

clearly material defaults under the Plan. Accordingly, cause exists for the conversion of this case to Chapter 7 or the dismissal of this case. See 11 U.S.C. § 1112(b)(8).

Similarly, as of the date hereof, the Debtor has failed to pay $80,736.06 in United States Trustee Quarterly Fees. Declaration at ¶ 3. This also constitutes cause for conversion or dismissal of this case to Chapter 7. See 11 U.S.C. § 1112(b)(10).

WHEREFORE, the United States Trustee respectfully requests that the Court enter an order converting this Chapter 11 case to a Chapter 7 case, or in the alternative, dismissing this case and granting such other and further relief as may be deemed just and proper.

Dated: New York, New York
      July 2, 2010

                                  Respectfully submitted,

                                  TRACY HOPE DAVIS
                                ACTING UNITED STATES TRUSTEE

                 By:    /s/ Paul K. Schwartzberg
                       Trial Attorney
                       Paul K. Schwartzberg (PKS 9129)
                       33 Whitehall Street, 21st Floor
                       New York, New York 10004-2112
                       Tel. No. (212) 510-0500